UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SNODEY (2022-0502094), | ) |
| Plaintiff, | ) |
| | ) Case No. 25-cv-7995 |
| v. | ) |
| | ) Hon. Steven C. Seeger |
| TOM DART, *et al.*, | ) |
| Defendants. | ) |

## ORDER

The Court denies Plaintiff's application for leave to proceed *in forma pauperis* (Dckt. No. 3) because he has not demonstrated that he is unable to pay the filing fee. Plaintiff must pre-pay the $405.00 filing fee by November 7, 2025 if he wants to proceed with this case. Failure to comply will result in summary dismissal of this case. The Court defers review of Plaintiff's complaint (Dckt. No. 1) and Plaintiff's motion for attorney representation (Dckt. No. 4) pending compliance with this order. The Clerk is directed to send Plaintiff a copy of this order.

## STATEMENT

Plaintiff William Snodey, a detainee at the Cook County Jail, brings this *pro se* civil rights lawsuit under 42 U.S.C. § 1983. He alleged that he was placed in a holding cell contaminated with human waste. Now before the Court is Plaintiff's application for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1). The fee cannot be waived. *Butler v. Deal*, 794 F. App'x 542, 544 (7th Cir. 2020) (unpublished) (explaining that the PLRA "forbids outright forgiveness of the obligation to pay the filing fee"). If an inmate cannot pay the full $405.00 filing fee upfront, he may seek leave to proceed *in forma pauperis* (in other words, leave to pay the fee over time with monthly installments taken from his trust fund account; in that instance, the filing fee is $350.00 as an administrative fee is waived). The Court evaluates twelve months of financial information to determine if an inmate is eligible to proceed *in forma pauperis*. If so, the Court calculates the initial partial filing fee using a trust fund certification and the inmate's trust fund ledgers from the past six months, both of which an inmate must submit with his application. *See* 28 U.S.C. § 1915(a)(2).

The burden is on the "litigant wishing to proceed *in forma pauperis*" to establish that "he is unable to pay" the required fees. *Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) (unpublished); *see* 28 U.S.C. § 1915(a)(1) (reserving *in forma pauperis* status for litigants who are "unable" to pay filing fee).

Here, Plaintiff's application is not properly completed. Plus, the incomplete application reveals that Plaintiff is not indigent.

First, Plaintiff discloses on the application having received $700 in deposits to his jail trust fund account in the past year. *See* Application, at 1 (Dckt. No. 3). Based on the attached trust fund statements, that is not accurate.

The statements show that Plaintiff has received $2,409 in deposits in the last six months alone. That's an average monthly deposit of $401.05.[1] *See id.* at 3–11.

While the Court will take no further action as to this discrepancy at this time, Plaintiff is reminded that *in forma pauperis* applications are signed under penalty of perjury. Providing intentionally incomplete or inaccurate information on the application could be grounds for dismissal of this lawsuit. *See* 28 U.S.C. § 1915(e)(2)(A); *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014) (unpublished) (collecting cases upholding dismissals with prejudice for plaintiffs' failures to disclose assets on *in forma pauperis* application).

At the time of filing this lawsuit, Plaintiff had $622.23 on hand. *See* Application, at 2 (Dckt. No. 3).) That is more than enough to pay the filing fee. That amount of money, coupled with his significant and consistent monthly deposits, indicates that Plaintiff can afford to pay the $405.00 filing fee. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *see also Maboneza v. Kincaid*, 798 F. App'x 19, 20–21 (7th Cir. 2020) (unpublished) (affirming district court's ruling that inmate who had received more than $1,200 in the six months prior to filing suit was not indigent, and observing that "[c]ourts have broad discretion in assessing the sufficiency of an applicant's evidence of poverty, especially when it comes to prisoners, who have fewer demands on their income because prisons provide them with food, clothing, shelter, and medical care.").

The Court denies Plaintiff's *in forma pauperis* application because he has not carried his burden to show that he is indigent. If he wants to proceed with this case, Plaintiff must pre-pay the $405.00 filing fee by the date set forth above. Payment should be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly identify Plaintiff's name and the case number assigned to this case. Failure to comply with this order by the date set forth above will result in summary dismissal of this case.

---

[1] The trust fund certification lists the average monthly deposits for the past six months as $429.00, but regardless of this discrepancy, average monthly deposits of about the amount of the filing fee do not support a finding of indigency.

Date: October 9, 2025                                  _____
                                                      Steven C. Seeger
                                                      United States District Judge

3